Lee *et al. vs.* Boddie.

---

JOSEPH A. L. LEE *et al.*, plaintiffs in error, *vs.* THOMAS A. BODDIE, administrator, defendant in error.

The decision of the court below in dismissing the motion for a new trial, and in holding that there was not sufficient evidence that it had been filed at the proper time, was not in such conflict with the evidence offered at the hearing as to call for a reversal by this court, the more especially as five years had elapsed since the trial, with several changes in the presiding officers of the court, and there had not been, in the meantime, nor at the term at which it is claimed the motion was made, any verification of the grounds therein taken, nor any motion during that time to have the proper entries made on the papers or on the minutes of the court.

New trial. Practice in the Superior Court. Before Judge BUCHANAN. Troup Superior Court. November Term, 1872.

This case was tried at the November term, 1867, of Troup superior court, and resulted in a verdict for defendant. At the November term, 1872, what purported to be a motion for a new trial was called. Counsel for defendant moved to dismiss the same upon the ground that it did not sufficiently appear that said motion was made during the term at which said trial was had. Upon this point the evidence was substantially as follows:

The paper containing the motion for a new trial was produced, accompanied by the brief of evidence agreed upon by counsel. On the back of the motion was an acknowledgment

of service, with neither date nor signature. The entries on the motion docket showed rule *nisi* granted at November term, 1867. Also, a continuance at that term, again at November term, 1868, again at May adjourned term, 1869. The entries made at the November term, 1867, were in the handwriting of Judge Collier, the then presiding officer of the Court. The motion was marked, "filed in office, December 26th, 1867," signed by the clerk. In reference to this entry, the clerk testified that the paper was in office during the November term, 1867, of the court; that after the adjournment, he called Mr. Bigham's (counsel for complainants,) attention to it, who stated that it should have been marked filed in office during the term, but that, under the practice there, it would make no difference; that he then made the entry which appears.

Mr. Bigham testified that the motion was prepared and entered, and that it was agreed that service was acknowledged by opposite counsel at the term during which the trial was had.

Mr. Toole, of the firm of Mabry & Toole, of counsel for defendant, in whose handwriting the agreement upon the brief of testimony appeared to be, testified that he had no recollection of acknowledging service on the rule *nisi.* Mr. Mabry, the other member of said firm, testified to the same effect.

In the interval between the trial term and that at which the motion for a new trial was pressed, several different judges had occupied the bench.

The court dismissed the motion, and complainants excepted.

B. H. BIGHAM, for plaintiffs in error.

MABRY, TOOLE & SON; B. H. HILL & SON, for defendant.

TRIPPE, Judge.

It was claimed by plaintiff in error that the motion was made for a new trial within the proper time, and that it was error in the court to dismiss it. Five years had elapsed since the trial; there had been several changes in the presiding offi-

Haisten *vs.* The Savannah, Griffin, etc., Railroad Company.

cers of the court; there had been no verification of the grounds recited in the motion, neither at the term the motion is claimed to have been made, nor at any subsequent term, down to the time of the motion to dismiss.    There was no rule *nisi* signed by the court or entered on the minutes, nor was there any acknowledgment, signed by counsel, of notice of the motion, or of the rule *nisi*, which it is also claimed was granted by the court.    Section 3723 of the Code provides that in all applications for a new trial, the opposite party shall be served with a copy of the rule *nisi*, unless such copy is waived.

The papers in this case were in too imperfect a condition, and the rules regulating motions for new trials too much disregarded, to allow the motion and service to be perfected after such a length of time.    It would beget a practice which would produce confusion, and burden the courts with having to decide matters five years after they transpired, and this, too, from the conflicting recollections of the parties; whereas, if the law had been observed, all would have been in writing, and no dispute as to its correctness.

We cannot say that, under the circumstances, the court erred in dismissing the motion.

Judgment affirmed.